UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS CUSTER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:08 CV 291 JM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Thomas Custer, a *pro se* prisoner, filed this *habeas corpus* petition challenging the Disciplinary Hearing Board's ("DHB") January 29, 2008, determination in case number ISO 08-01-0035 that he possessed more than one cigarette or tobacco products. As a result, Custer was demoted in credit class, lost an educational time cut, had his security level increased, and lost his college tutor job. (Petition for Writ of Habeas Corpus, Docket # 1 at 1-2, 4).

The conduct report correctional officer Klimagam issued against Custer indicates that he and officer Jorge,

> went to west 2 to do a shakedown and performed the shakedown on offender Custer # 935052 who's bed area in west 2 is R2-B5. After pulling out the offender's locker and searching behind it, I noticed a rope type material hanging out of his heater vent. I put my hand in the heater and pulled out eight taped up bags of tobacco and a large stack of rolling papers.

(Miscellaneous Papers, Document # 1-3 at 5).

After considering Custer's statement, staff reports, witness statements, and the videotape, the DHB reported:

> The DHB believes offender is guilty based on items listed above. Board does not believe offender could not have known about contraband in his bed area.

(Exhibits, Docket # 1-2 at 4).

Custer claims the tobacco was found in a vent located in a "common area," which was accessible to more than "100 people." He maintains nothing was found on or in his personal property. He also contends the sentence was "beyond any reasonable punishment that was given to anyone else." (Document # 1 at 2-4). Consequently, Custer alleges that he was denied the right to a fair and impartial hearing under the Fourteenth Amendment and received an excessive sentence in violation of the Eighth Amendment.

Custer has a liberty interest in earned good time and before it can be taken away for misconduct he is entitled to basic procedural protections. These minimal, due process requirements are met by: (1) prior written notice of the charges; (2) an opportunity to present evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) "some evidence in the record" to support the finding of guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Custer characterizes his claim as the denial of an impartial decision-maker. But the right to an impartial decision-maker *vis a vis* prison disciplinary proceedings is not

violated unless the allegedly biased individual is also substantially involved in the investigation of the charges against the prisoner. *Merritt v. De Los Santos*, 721 F. 2d 598, 601 (7th Cir. 1983). Custer does not claim any of the DHB members participated in the investigation or fact-finding related to the subject disciplinary proceedings, so his claim, as he characterizes it, fails. Alternatively, however, his complaint that the officers did not search him, his locker, or bed implicitly challenges the sufficiency of the evidence against him.

In *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), the United States Court of Appeals for the Seventh Circuit explained:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.*, at 786 (quotations marks and citation omitted).

In his administrative appeal Custer described the vent as "unvisable[1] [sic] by common observation," indicating it was attached to the wall and ran along the baseboard. The record shows Custer was in a dormitory setting that housed 100 prisoners, with 20 men to a cubicle. Custer maintains it would be easy for one of them to put the contraband in the vent; as a full-time student and college tutor, Custer says

---

[1]The Court understands this to mean the vent could not be seen through casual observation. This interpretation is supported by the fact the officer moved the locker in order to see it. (Document # 1-3 at 5)

he was not on the premises "much of the time." Custer notes two people lived in "row 2 bed 5" where the officers searched. Because no one else received a conduct violation for possession of the tobacco discovered in the vent, Custer says the officers singled him out because of his "proximity."  (Docket # 1-3 at 1).

The record does not reveal the room's dimensions or the spatial relationships of its contents. Although more than one person occupied the dormitory, Custer does not deny the vent was near his bed area. He described it as being "adjacent to bed area where more than I person lived, anyone had access to it." (Docket #1 at 2).  He expressly acknowledges, "I was the closest."(Docket # 1–3 at 2).  Moreover, Custer does not deny the officer had to move his trunk to get to the vent. While 100 hundred prisoners lived in the dormitory, only twenty men occupied a cubicle and only two men were assigned to "row 2 bed 5." (Docket # 1-3 at 1-2).

It is unlikely that one of the 80 prisoners who were not in Custer's cubicle put the tobacco in the vent behind his locker. This narrows the reasonable probability of someone other than Custer being responsible to one out of twenty rather than one of a hundred. Consequently, all things being equal, the probability of Custer being the one who placed the tobacco in the vent ranges from one of twenty to one of two. However, the vent's physical proximity to Custer's property and the fact that his locker was in front of it, reasonably supports the inference that he exercised control over access to the vent. *See: Hamilton v. O'Leary*, 976 F. 2d 341 (1992)(holding evidence sufficiently supported determination that prisoner occupying shared cell constructively possessed

4

weapons found in vent). Circumstantial evidence may establish facts supporting guilt in prison disciplinary proceedings. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (relying on reasonable inference to conclude "some evidence" supported disciplinary charge).

The evidence was sufficient to support the inference Custer possessed the tobacco, because it was found in a vent that was inaccessible unless Custer's locker was moved out of the way. The Court realizes the DHB's finding of guilt does not preclude the possibility someone other than Custer put the tobacco in the vent, but that is not the governing standard. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

The Disciplinary Hearing Report ("DHR") indicates the DHB based its determination upon staff reports, witness statements, Custer's statement, and videotape evidence. (Docket # 1-2 at 4). During the disciplinary hearing appeal, Custer maintained his rights were denied "without documentation," because he did not get a copy of the officers' statements or the video before the disciplinary hearing. (Docket #1-3). Custer did not assert these claims in the petition, however.

Moreover, Custer's signature on the conduct report demonstrates that he received a copy of it on January 18, 2008, before the January 29, 2008, hearing. As regards the video, Custer insists it would show officers did not search him, his bed, or locker contrary to the claim they "went to west 2 to do a shakedown and performed the

5

shakedown on Offender Custer #935052 who's bed area is west 2 R2-B5." (Docket # 1-3 at 2). The officer's statement in the conduct report regarding a shakedown of Custer could be read to mean Custer's bed area rather than his person. Notwithstanding, one of Custer's witness's observed an officer do a "patdown search" of Custer. (Docket # 1-3 at 6). Since Custer's defense is the tobacco was discovered in a vent that was not part of his property, it is irrelevant that the officers did not search his person or property he admits belonged to him. Even if the video showed the officers did not actually search Custer or his acknowledged belongings, it would not be exculpatory. If it corroborated Custer, it would be repetitive. Prisoners do not have the right to present evidence that would be irrelevant or repetitive. *Scruggs v. Jordan*, 485 F.3d 934, 940-941 (7th Cir. 2007).

Custer also challenges as excessive the sanctions he received on account of the conduct violation. He asserts the "loss of credit class from I to II is not standard sanction or procedure for first time offenders." (Docket # 1 at 4). To show the sanction imposed upon him was excessive, Custer provided the file numbers and corresponding sanctions of no more than "loss of 90 days" for other disciplinary proceedings. (Docket # 1 at 4). While this shows the sanctions in those cases were different from those Custer received, it does not demonstrate those other matters were similar to this case. The offense here involved "eight taped up bags of tobacco and a large stack of rolling papers." (Document #1-2 at 5). The large amount of tobacco suggests it was not intended for personal use. Custer's denial that he had the "connections" to obtain the "large amount of tobacco like what was found" also supports that conclusion. (Docket # 1-3 at 3).

The DHB cited the "likelihood of the sanction having a corrective effect" upon Custer's future behavior as the basis for the sanctions. (Docket # 1-2). Custer also maintains his past conduct history at the facility is "clear." (Docket # 1-3 at 1). Even if he is a first-time offender, Custer does not allege the sanctions he received were not authorized. The Final Reviewing authority specifically pointed out they "were well within the guidelines of the Disciplinary Code." (Docket # 1-2 at 6). The possession of tobacco in amounts that could be used for trafficking presents a danger to prison security. Custer's claim the sanctions imposed were excessive has no merit.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the Court **DENIES** the *habeas corpus* petition (Docket # 1).

**SO ORDERED.**

DATE: November 3, 2008

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT